UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GABRIEL G. C., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and RYAN SHEA, Sheriff of Freeborn County Jail, <br><br> Respondents. | Case No. 26-CV-1493 (NEB/DJF) <br><br> ORDER ON <br> PETITION FOR <br> WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Gabriel G. C.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").)[1] Gabriel G. C. is a citizen of El Salvador who has lived in the United States since 1998. (*Id.* ¶ 13.) He has been waiting eight years for a hearing on his pending Cancellation of Removal Application for Certain Nonpermanent Residents; he has a work permit based on that Application, which is valid through 2030. (*Id.* ¶ 14.)

---

[1] This factual recitation comes from the Petition; Respondents do not refute this factual recitation.

On January 9, 2026, Immigration and Customs Enforcement ("ICE") took Gabriel G. C. into custody without a warrant. (*Id.* ¶ 16.) When Gabriel G. C. requested to be released to go to work, the ICE officers told him that his legal documents and work permit are now "garbage." (*Id.*) Since his detention, Gabriel G. C. has been detained at Freeborn County Jail in Minnesota. (*Id.* ¶ 7.) Gabriel G. C. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Gabriel G. C. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Gabriel G. C. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country twenty-eight years ago, Gabriel G. C. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Gabriel G. C. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Gabriel G. C. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), --- F. Supp. 3d ---, 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Gabriel G. C.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). The Court recognizes, but is not persuaded by, the minority viewpoint, including the additional cases cited by Respondents; it has already considered and rejected the minority viewpoint.[2]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Gabriel G. C. requests immediate release. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (D. Minn. Jan. 12, 2026), ECF No. 8 at 3–4 *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Gabriel G. C. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of

---

[2] The Court notes that Respondents' arguments are preserved for appeal.

Gabriel G. C.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Gabriel G. C.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Gabriel G. C.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal dismissed* (1st Cir. Jan. 26, 2026). The Court therefore orders the immediate release of Gabriel G. C.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable, at a safe time and place, and with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

    c.    ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized during Petitioner's arrest such as, but not limited to, immigration paperwork;

    d.    ENJOINS Respondents from implementing any conditions of release;

    e.    ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

    f.    ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

2. Petitioner's Motion to Show Cause (ECF No. 5) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 19, 2026  
Time: 8:41 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge